# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-05-043-RAW ) |
| JIMMY C. CHISUM, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is the motion of the defendant for extraordinary writ of error *coram nobis*. The pertinent background to defendant's convictions is set forth in *United States v. Chisum,* 502 F.3d 1237 (10th Cir.2007), *cert. denied,* 552 U.S. 1211 (2008). Defendant subsequently filed a motion pursuant to 28 U.S.C. §2255, which this court denied. On appeal, the Tenth Circuit denied a certificate of appealability and dismissed. *See United States v. Chisum,* 343 Fed.Appx. 335 (10th Cir.2009).

A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. §2255[*]. *United States v. Peter,* 310 F.3d 709, 712 (11th Cir.2002). Such a writ cannot issue, however, when another remedy was adequate and available. *United States v. Lester,* 453 Fed.Appx. 810 (10th Cir.2011). The bulk of

---

[*]The one-year time limit under §2255 has passed, but this court's interpretation is that *coram nobis* is a common law writ, and as such there are no statutory time limits to an application. *See Haddad v. United States,* 2010 WL 2884645 (E.D.Mich.2010). The doctrine of laches could apply under appropriate facts. *Id.*

defendant's arguments are reiterated from his direct appeal and §2255 motion. One exception is his citation of *Bond v. United States*, 131 S.Ct. 2355 (2011), which the defendant interprets to mean that such decisions as *United States v. Collins,* 920 F.2d 619, 629 (10th Cir.1990)(rejecting argument that federal courts lack jurisdiction over prosecutions for federal tax evasion) are erroneous. The court disagrees. In *United States v. Oyer,* 2012 WL 453641 (10th Cir.2012), the Tenth Circuit again rejected such jurisdictional challenges as frivolous. *Oyer* is a post-*Bond* decision.

The court will not enter a separate judgment because *coram nobis* is the continuation of a criminal proceeding, whereas habeas corpus is the initiation of a separate civil proceeding. *See United States v. Morgan,* 346 U.S. 502, 506 (1954).

It is the order of the court that the motion of the defendant (#182) is hereby DENIED.

**ORDERED THIS 18th DAY OF MAY, 2012.**

**Dated this 18th day of May, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma